UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 2:15-cr-48-FtM-38MRM

ROBERT LEE WARREN, JR.

## ORDER[1]

This matter comes before the Court on Defendant Robert Lee Warren, Jr.'s Motion in Limine to Preclude Evidence of Defendant's Prior Convictions (Doc. #32) filed on February 11, 2016.  The United States filed a Response in Opposition to Defendant's Motion in Limine (Doc. #44) on March 1, 2016.  Defendant then filed an Addendum to Motion in Limine to Preclude Evidence of Defendant's Prior Convictions (Doc. #46), which the United States filed a Motion to Strike for non-compliance with Middle District of Florida Local Rule 3.01(c) (Doc. #47).[2]  Defendant's motion is thus ripe for review.

### BACKGROUND

On December 25, 2014, the Fort Myers Police Department ("FMPD") initiated a traffic stop of a car in which Defendant was a passenger.  During the stop, an FMPD officer saw the handle of a firearm protruding from under the front passenger seat where

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] "No party shall file any reply or further memorandum directed to the motion or responses . . . unless the Court grants leave."  M.D. Fla. R. 3.01.  Defendant did not comply with this rule before filing his Addendum (Doc. #46).  Although the Court will consider the Addendum, it warns Defendant that such leniency will not be afforded in the future – in this case or others.

Defendant sat.  The officer then recovered two firearms stacked on top of each other from under the same seat.  The top firearm was a Glock 39, .45 caliber semi-automatic handgun.  The bottom was a Colt, .45 caliber semi-automatic handgun.  A forensic team later recovered a left pinky fingerprint that matched Defendant from the Colt .45, and he is now charged with possessing this firearm.

On April 29, 2015, a grand jury indicted Defendant with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  The Indictment lists Defendant's prior state convictions that involve carrying a concealed firearm, possessing a firearm by a felon, possession with intent to distribute a controlled substance, fleeing/attempting to elude an officer, and driving with a suspended license.  (Doc. #1).  These prior convictions occurred between 2006 and 2008.  (Doc. #1).

In preparation for trial the Government noticed Defendant of its intent to introduce the two firearm-related convictions under Rule 404(b) of the Federal Rules of Evidence and impeach Defendant with all of his prior convictions under Rule 609, if he testifies at trial.  (Doc. #32-1).  In response, Defendant has moved to preclude the Government from introducing such evidence.  He challenges the firearm-related convictions as being offered to prove his propensity to commit the instant crime.  He also argues that (1) the facts and circumstances of his prior convictions have no similarity to the facts and circumstances of this case; (2) the prior convictions occurred too long ago; and (3) the prior convictions do not reveal anything about Defendant's knowledge, intent, or the presence of the firearm not being a mere coincidence or mistake.  (Doc. #32).

## DISCUSSION

**A.  Rule 404(b) of the Federal Rules of Evidence**

Defendant has been charged with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g).  To convict him of this offense, the Government must prove, beyond a reasonable doubt, that (1) he was a convicted felon, (2) he knowingly possessed a firearm, and (3) the firearm was in or affected interstate commerce.  *See United States v. Jernigan*, 341 F.3d 1273, 1278 (11th Cir. 2003).  At this time, Defendant has challenged neither his status as a convicted felon nor that the Colt, .45 caliber handgun was in or affected commerce.  It appears that the central issue at trial will be whether he knowingly possessed the firearm.

To establish knowing possession, the Government must show actual or constructive possession through either direct or circumstantial evidence.  *See United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006).  "Constructive possession exists when the defendant exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control."  *Id.* (citation omitted).

Defendant contends that his firearm-related convictions are not relevant to, or probative of, his knowledge or intent in possessing the Colt .45 handgun in this case.  He further argues that any minimal probative value these prior convictions have are substantially outweighed by unfair prejudice.  The Government responds that the prior convictions are critical to showing Defendant's knowing and intentional possession.

Under Federal Rule of Evidence 404(b), evidence of "a crime, wrong, or other act" is not admissible "to show that on a particular occasion [the defendant] acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  But such evidence may be

admissible for another purpose – to prove motive, intent, knowledge, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b)(2).  Rule 404(b) is thus a rule of inclusion that "allows extrinsic evidence unless it tends to prove only criminal propensity." *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012).

The Eleventh Circuit applies a three-part test for determining the admissibility of such evidence: (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) "there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act"; and (3) "the evidence must possess probative value that is not substantially outweighed by its undue prejudice." *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).  Defendant specifically challenges whether the first and third prongs of this three-part test are satisfied on these fact.[3]

The Court has little trouble concluding that the first prong is met.  Defendant's 2006 and 2008 state convictions for carrying a concealed firearm and possession of a firearm by a felon, respectively, tend to show that Defendant acted knowingly in this case. "[W]hen a defendant does not admit or stipulate to knowingly and intentionally possessing a firearm as a felon, the government may seek to admit evidence of a prior knowing possession of a firearm to prove the *mens rea* element of the offense." *United States v. Perrier*, 619 F. App'x 792, 796 (11th Cir. 2015) (citation omitted)); *see also Johnson*, 615 F. App'x at 586 (stating a convicted felon's knowing possession of a firearm at a previous time is relevant to whether his possession of a firearm at a later time is a mistake or

---

[3] The Government intends to introduce certified copies of Defendant's prior convictions at trial, which is sufficient proof that he committed the prior acts.  *See Jernigan*, 341 F.3d at 1282 ("[I]t is elementary that a conviction is sufficient proof that the defendant committed the prior act."); *United States v. Perrier*, 619 F. App'x 792, 796 (11th Cir. 2015) (finding the second prong to be satisfied because the government introduced a certified copy of defendant's prior conviction a trial).

accidental); *Jernigan,* 341 F.3d at 1281-82 ("[I]t is untenable to say that [the defendant's] previous, knowing commission of crimes that involved the possession of a weapon – and specifically, the possession of a weapon in a car – does not logically bear on his knowledge of the presence of a gun at the time Jernigan's car was pulled over."). Defendant's arguments to the contrary are unavailing in light of this overwhelming precedent.

That leaves the third prong: whether the probative value of the offense is not substantially outweighed by its undue prejudice.   "'Extrinsic evidence of other crimes, wrongs, or acts is inherently prejudicial to the defendant, and may entice the jury to draw the prohibited inference that a defendant previously convicted of a crime likely committed the same crime again.'"  *Perrier*, 619 F. App'x at 796 (citation omitted).  So, in weighing the probative value against the risk of undue prejudice, the court must engage in a "common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness."  *Jernigan*, 341 F.3d at 1282.  Furthermore, the court may reduce the risk of undue prejudice by giving a limiting instruction to the jury. *See Johnson*, 615 F. App'x at 586; *United States v. Ramirez,* 426 F.3d 1344, 1354 (11th Cir. 2005).

The evidence of Defendant's prior firearms convictions is undoubtedly important to the Government's case.  Defendant's knowing possession of the firearm will be the only § 922(g)(1) element at issue and there is little direct evidence reflecting this intent. Defendant even acknowledges that the Government has no witnesses who saw him with the firearm, and no other evidence or statements regarding his prior possession.  (Doc.

#32 at 2-3).   In addition, the probative value of the evidence is relatively high because of the factual similarities between the two prior firearm-related convictions and the one charged in this case.   *See United States v. Mathis,* 519 F. App'x 643, 646 (11th Cir. 2013) ("A similarity between the other act and a charged offense will make the other act highly probative as to a defendant's intent in the charged offense.").   Although the Court is unaware of all the underlying facts of the extrinsic offenses, it is clearly similar enough under case law to be probative of Defendant's present knowledge.   *See Jernigan,* 341 F.3d at 1281-82; *United States v. Delgado,* 56 F.3d 1357, 1366 (11th Cir. 1995) ("[W]hen other crimes evidence goes to intent rather than identity, a lesser degree of similarity between the charged crime and the uncharged crime is required.").

It is true that "temporal remoteness depreciates the probity of the extrinsic evidence," and thus a conviction may be too distant for proper consideration.   *United States v. Beechum,* 582 F.2d 898, 15 (5th Cir. 1978);[4] *see also Perrier,* 619 F. App'x at 797 (finding the district court abused its discretion in admitting evidence of a 22-year old prior offense).   But, the Eleventh Circuit has not adopted a bright-line rule for when a conviction is too old to be admissible because the determination is very fact specific.   *See Perrier,* 619 F. App'x at 797.   Although the prior convictions disputed here occurred six and eight years ago, it "need not be very recent, especially where a substantial portion of the gap in time occurred while the defendant was incarcerated."   *United States v. Sterling,* 738 F.3d 228, 238 (11th Cir. 2013).   Considering the totality of the circumstances, Defendant's prior convictions are not too remote to be probative.   Furthermore, any prejudice resulting from the admission of the prior convictions will be mitigated by a

---

[4] This court is bound by all former Fifth Circuit decisions issued before October 1, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

limiting instruction to the jury that they cannot use the evidence of Defendant's prior conviction to decide whether Defendant actually possessed the firearm in the current case.  *See* Johnson, 615 F. App'x 582.

Accordingly, the Court denies Defendant's motion *in limine* as to the inadmissibility of his two prior firearm-related under Rule 404(b).

## B.  Rule 609 of the Federal Rules of Evidence

Next, Defendant moves to preclude the Government from introducing all of his prior convictions for impeachment purposes.  Rule 609 governs this issue, and it provides:

> [F]or a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

Fed. R. Evid. 609(a).

"Once a criminal defendant chooses to testify, 'he places his credibility in issue as does any witness.'"  *United States v. Vigliatura, 878 F.2d 1346, 1350 (11th Cir. 1989)* (citation omitted).  Here, Defendant's motion is devoid of any argument or authority for why his prior convictions are so unduly prejudicial that they are impermissible for impeachment.  Accordingly, the Court denies this part of Defendant's motion without prejudice.  To the extent necessary, the Court will reconsider this objection at trial when it will be in a better position to assess the parties' respective positions.

Accordingly, it is now

**ORDERED:**

(1) Defendant Robert Lee Warren, Jr.'s Motion in Limine to Preclude Evidence of

Defendant's Prior Convictions (Doc. #32) is **DENIED**.

(2) The United States' Motion to Strike (Doc. #47) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 11th day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record